UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:16-CV-00138-GNS

COREY LOHDEN                                                  PLAINTIFF

v.

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY; and
PHILADELPHIA INDEMNITY
INSURANCE COMPANY                                DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the Court upon Plaintiff's Motions to Remand (DN 6, 9), which are ripe for adjudication. For the reasons stated below, the motions are **GRANTED**.

### I.    BACKGROUND

Plaintiff Corey Lohden ("Lohden") was involved in an automobile accident with Hannah Wright ("Wright") on August 6, 2014, in Barren County, Kentucky. (Notice of Removal, DN 1-1 [hereinafter Compl.]). Lohden alleges that Wright's negligence caused the accident. (Compl. ¶¶ 4-5). Wright was insured at the time of the accident by a Kentucky Farm Bureau ("KFB"). (Def.'s Resp. Mot. Remand Ex. 2, at 1, DN 7-2 [hereinafter Gillenwater Letter]). Lohden settled his claim against Wright with KFB for $50,000. (Gillenwater Letter). Subsequently, Lohden filed this action in Barren Circuit Court asserting a claim for underinsured motorist ("UIM") coverage under insurance policies issued by Defendants Philadelphia Indemnity Insurance

Company ("Philadelphia") and State Farm Mutual Automobile Insurance Company ("State Farm") (collectively, "Defendants"), each of which provided insurance coverage applicable to Lohden's claim. (Compl. ¶¶ 7-10). The Philadelphia policy provides $60,000 in underinsured motorist coverage, while the State Farm policy includes $25,000 in underinsured motorist coverage. (Pl.'s Mot. Remand 1, DN 6).

On August 24, 2016, Philadelphia—with the consent of State Farm—removed the case to this Court under 28 U.S.C. § 1441. (Notice of Removal 1, 3, DN 1; Notice of Consent to Removal 1, DN 2). Philadelphia claims that jurisdiction is appropriate under 28 U.S.C. § 1332(a) because there is diversity of citizenship between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs. (Notice of Removal 2-3).

## II. STANDARD

A defendant may remove an action from state court to federal court when the plaintiff could have brought it in federal court originally. 28 U.S.C. § 1441(a). Unlike state trial courts, federal district courts are courts of limited jurisdiction; they hold only that power authorized by the U.S. Constitution and statute. *Gunn v. Minton*, 133 S. Ct. 1059, 1964 (2013) (citation omitted). Under 28 U.S.C. § 1332(a)(1), district courts have "diversity jurisdiction" over cases between citizens of different states where the amount in controversy exceeds $75,000, exclusive of interest and costs. *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005) (citation omitted). The removing defendants bear the burden of establishing the diversity jurisdiction requirements. *Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 612 n.28 (1979) (citations omitted). "[B]ecause lack of jurisdiction would make any decree in the case void and the continuation of the litigation in federal court futile, the removal statute should be

2

strictly construed and all doubts resolved in favor of remand." *Eastman v. Marine Mech. Corp.*, 438 F.3d 544, 549-50 (internal quotation marks omitted) (citation omitted).

Separate claims against distinct defendants cannot be aggregated for the purpose of satisfying the amount-in-controversy requirement. As the Sixth Circuit has recognized, "[i]t is a settled general rule that, in a suit based on diversity of citizenship brought against several defendants on separate and distinct claims . . . , the test of jurisdiction is the amount of each separate claim and not the aggregate amount of the claims." *Fechheimer Bros. Co. v. Barnwasser*, 146 F.2d 974, 977 (6th Cir. 1945) (citation omitted); *Siding & Insulation Co. v. Acuity Mut. Ins. Co.*, 754 F.3d 367, 373 (6th Cir. 2014) (citation omitted).

### III. DISCUSSION

There is complete diversity of citizenship between the parties.[1] The only question is whether Lohden's claims against Philadelphia and State Farm satisfy the amount-in-controversy requirement. In its notice of removal, Philadelphia explains that "[i]n light of Lohden's policy-limit demands on [Philadelphia] and State Farm ($60,000 and $25,000 respectively) this is a civil action where the matters in controversy exceed the sum of $75,000, exclusive of interest and costs." (Notice of Removal 3). Such reasoning clearly runs afoul of the anti-aggregation rule. Indeed, in its response to Lohden's motion, Philadelphia recognizes that the limits of each insurance policy cannot be aggregated for purposes of surmounting the amount-in-controversy requirement. (Def.'s Resp. Pl.'s Mot. Remand 2, DN 7). Rather, it contends the amount-in-controversy requirement is met without aggregating. Given the nature of Lohden's claims, Philadelphia notes that he must prove that his damages exceed the amount he received from

---

[1] Plaintiff is a Kentucky resident. (Compl. ¶ 1). Philadelphia is a Pennsylvania corporation with its principal place of business in that state, and State Farm is a Illinois corporation with its principal place of business also there. (Notice of Removal 2).

Wright's insurance carrier ($50,000) before he can recover against Philadelphia. Because Lohden is seeking $60,000 in UIM benefits from Philadelphia, Philadelphia asserts that the amount in controversy is actually $110,000, which would grant this Court diversity jurisdiction over Lohden's claim against Philadelphia. Philadelphia also maintains that the Court has supplemental jurisdiction over Lohden's claim against State Farm.

Defendant's argument is not well-taken. Lohden is asserting separate contract claims against Philadelphia and State Farm for UIM benefits of up to $60,000 and $25,000, respectively. The amount in controversy is limited by what Lohden might recover under the applicable insurance policies. *See Marcum*, 2007 U.S. Dist. LEXIS 62098, at *5-6. The Court recognizes that the damages Lohden suffered as a result of the accident with Wright would have to total at least $110,000 before he could recover $60,000 in UIM benefits from Philadelphia. However, Lohden's *claim* against Philadelphia (*i.e.*, the amount in controversy) is, at most, worth $60,000. *See id.* at *11. The amount Lohden previously received from Wright's insurance carrier is not part of his claim against Philadelphia. *Id.* at 12. As a result, the Court does not have diversity jurisdiction over Lohden's claim against Philadelphia because it does not exceed $75,000. Likewise, Lohden's claim against State Farm is for $25,000, far below the Court's minimum jurisdictional limit for diversity cases. Because the Court does not have jurisdiction over Plaintiff's claim against Philadelphia, it is unnecessary to address whether the Court would have supplemental jurisdiction over Lohden's claim against State Farm.

## IV. CONCLUSION

For the reasons discussed above, the Court lacks subject matter jurisdiction. Accordingly, **IT IS HEREBY ORDERED** that Plaintiff's Motions to Remand (DN 6, 9) are

**GRANTED**.  This case is **REMANDED** to Barren Circuit Court, and it shall be **STRICKEN** from the Court's active docket.

                                                  **Greg N. Stivers, Judge**
                                                  **United States District Court**
                                                          March 13, 2017

cc:     counsel of record
        Barren Circuit Court Clerk (Civil Action No. 16-CI-364)